JAMES SNYDER, Plaintiff-Appellee, *v.* HAMEL SERVICE, INC., Defendant-Appellant.

(No. 73-313;

Fifth District—November 26, 1974.

Hoagland, Maucker, Bernard & Almeter, of Alton, for appellant.

McGrady, Madden & McGrady, of Gillespie, for appellee.

Mr. JUSTICE CREBS delivered the opinion of the court:

This is an appeal from a jury verdict in the Circuit Court of Madison County.

Plaintiff, James Snyder, was the owner of a 1966 White Tractor diesel with a Cummins NH220 engine and flat-bed trailer, purchased in May 1970 for $4,200. On November 16, 1970, the engine "broke down" and the truck was taken to defendant, Hamel Service, Inc., for repairs. Plaintiff testified that he wanted a complete "rebuild," but apparently meant an "in-frame overhaul" which was what was performed. The trouble was diagnosed as a "pulled" #4 liner, parts having dropped into the oilpan. Plaintiff obtained a list of the new parts needed from Porter, the defendant's mechanic, and ordered them from the factory. Plaintiff then assisted Porter in the overhaul by washing parts and handing them to Porter, but did no technical work and claimed no expertise. Some parts were merely cleaned and replaced. Porter testified that he asked plaintiff if he wanted the rod "magnafluxed," a process by which cracks or other structural weaknesses can be detected. Porter testified that he told plaintiff that magnafluxing would cause a delay and cost $25 and that plaintiff said that he didn't want to spend the money. On rebuttal, plaintiff testified that the decision about magnafluxing was left up to Porter based on necessity, not cost. The rod was placed back in the engine without magnafluxing.

The engine was started and shortly thereafter starting "missing and pecking." Adjustments were made and plaintiff took it on a trip. Several more trips were made and the truck was also taken to a Cummins dealer where adjustments were made. On February 18, 1971, the engine "blew up" in Kansas and the truck was towed back to Hamel. The cause of the blow up was the breaking of the #4 rod. The vehicle was driven 12,000 miles between November 1970 and February 1971. The truck remained at Hamel until it was repossessed by the bank.

Plaintiff filed a three-count complaint. The first count was based on negligence and the second count on breach of warranty. The third count was dismissed at trial. Defendant filed a counterclaim for $870.11 against plaintiff for the amount owed the defendant for repairs.

The record in this case presents a difficult situation. Some of the testimony given by experts is quite technical. The owner of Hamel testified that he told plaintiff that he would not warrant parts provided by another dealer and that the plaintiff agreed to this. On the charge slip for

the original rebuild-overhaul there is a handwritten guarantee of labor. Testimony was provided by several experts concerning the possible causes for the breaking of the #4 rod. Much of this testimony was in conflict as to whether the rod was "stretched" and whether an engine in that condition could run 12,000 miles.

There was evidence that "over-reving" the engine would cause it to fly apart. Also there was testimony that the rod should have been magnafluxed and that magnafluxing probably would have prevented the replacement of a faulty rod. The case was submitted to the jury and the jury returned a verdict in favor of the plaintiff for $5900 and the court ordered a remittitur of $740. After a denial of defendant's motion for a new trial this appeal followed.

Appellant's initial contention is that a new trial should have been granted because the verdict was against the manifest weight of the evidence.

It is undisputed that the rod in question had not been magnafluxed. Also, the evidence indicates that any defect in the rod would have been detected had the rod been magnafluxed.

■■ Although there is conflicting evidence, there was ample basis for the jury finding in favor of the plaintiff; thus, we cannot say the verdict of the jury was against the manifest weight of the evidence.

The appellant next alleges that a new trial should have been granted because the verdict was grossly excessive and was the result of passion. The appellant refers us to *Panepinto v. Morrison Hotel, Inc.*, 71 Ill.App.2d 319, 218 N.E.2d 880, as holding that the trial court must order a new trial if the verdict is so excessive as to indicate that the jury was under the influence of passion, prejudice and sympathy and that the offering of a remittitur in that circumstance does not remove the error.

In *Panepinto* the court felt that the verdict could well have been influenced by incompetent evidence erroneously admitted or by erroneous instruction. In that case the court felt that a remittitur could not remove the error. However, in *Lau v. West Towns Bus Co.*, 16 Ill.2d 442, 158 N.E.2d 63, the court held that even though the verdict might well be in excess of the amount which would have been allowed if they had heard the evidence and made the original determination, still it was not so excessive as to show passion or prejudice.

Here the amount of the remittitur was not large in proportion to the amount of the verdict.

The jury returned a verdict for $5900 and the court ordered a remittitur of $740. The plaintiff operated under a lease with Riss International and during the first 23 days of the lease he earned $1798.71 and had incurred expenses of $472, leaving net earnings of $1326.36, He would have had

approximately the same amount of work for the 46 days which passed between the day the engine blew up until the plaintiff found new work. The plaintiff alleged therefore that he lost earnings in the amount of $2652.72.

■■ Evidence was introduced indicating that the cost of a rebuilt engine was $3400; other estimates for rebuilt engines started at $2500. Also there was testimony showing that necessary repairs on the plaintiff's truck would cost $4200. The plaintiff sought damages in the amount of $6600. Evidence of a $2652.72 loss in earnings coupled with damages to the vehicle of from $2500 to $4200 provided a sufficient basis for an award of $5160.

Judgment of the Circuit Court of Madison County is affirmed.

EBERSPACHER and CARTER, JJ., concur.